UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TUNA PROCESSORS, INC.                    Case No. 04-74843

          Plaintiff,                    DISTRICT JUDGE
                              ARTHUR J. TARNOW

v.

HAWAII INTERNATIONAL
SEAFOOD, INC.

          Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER [8]

### I. BACKGROUND

This case involves competing patents for smoking tuna. Plaintiff Tuna Processors, Inc. ("TPI") claims that Defendant Hawaii International Seafood, Inc. ("HISI") is selling smoked tuna that infringes its U.S. Patent No. 5,484,619 (the '619 patent). Before the Court is Defendant's motion to dismiss, transfer, or stay [8]. For the reasons that follow, Defendant's motion to transfer will be GRANTED.

### II. FACTS AND PROCEDURAL HISTORY

Plaintiff TPI is a holding company organized to own and administer U.S. Patent No. 5,484,619 (the '619 patent) on behalf of several Filipino tuna processors as well as Kanemitsu Yamaoka, the inventor of the '619 patent.

Defendant Hawaii International is a company that sells tuna. William Kowalski is Defendant's owner and president. In 1999, Kowalski obtained U.S.

Tuna Processors v. Hawaii International Seafood
Case No. 04-74843

Patent No. 5,972,401, which claims a method for curing tuna with "tasteless smoke."

After obtaining the '401 patent, Kowalski entered into a license agreement with Yamaoka, then the exclusive owner of the '619 patent. Under the license agreement, and in exchange for a $5,000 annual royalty, Yamaoka granted Kowalski and his affiliates a license to sell, import, and process tuna under the method claimed in the '619 patent.

In January of 2003, Plaintiff TPI assumed Yamaoka's rights under the licensing agreement. On September 16, 2003, TPI sent Defendant a letter stating it intention to terminate (i.e., not renew) the license agreement on December 10, 2004.

Beginning in 2003, Kowalski and Hawaii International began filing patent infringement cases against various tuna sellers in the U.S. District Court for the District of Hawaii. Plaintiff TPI is not a defendant in any of the Hawaii cases. However, several of the Hawaii defendants are customers of TPI's shareholder companies.

On December 10, 2004, the day Kowalski's licensing agreement with TPI expired, TPI filed this lawsuit, claiming that Defendant's tuna processing methods infringe the '619 patent. Defendant was served with a summons and a copy of Plaintiff's complaint on January 25, 2005.

On January 28, 2005, Defendant Hawaii International filed a declaratory judgment action in the U.S. District Court for Hawaii seeking a declaration that Defendant has not infringed Plaintiff's patent. Defendant's declaratory judgment complaint also asserts antitrust violations against Plaintiff.

2

Tuna Processors v. Hawaii International Seafood
Case No. 04-74843

On June 8, 2005, District Judge David Alan Ezra of the U.S. District Court in Hawaii dismissed Defendant's declaratory judgment action without prejudice. Judge Ezra's order expressly found that the first-to-file rule required dismissal of the parallel action in Hawaii and that Plaintiff did not engage in impermissible forum shopping by filing this case in the Eastern District of Michigan.

### III.  DISCUSSION

In light of Judge Ezra's order, the only issue before the Court is whether or not this case should be transferred to Hawaii.  The federal transfer of venue statute provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer a civil action to any other district or division where it might have been brought.

28 U.S.C. 1404(a).

The movant, in this case Defendant, bears the burden of demonstrating by a preponderance of the evidence that "fairness and practicality strongly favor the forum to which transfer is sought."  *Audi AG and Volkswagen of America, Inc. v. D'Amato*, 341 F.Supp.2d 734, 749 (E.D. Mich. 2004) (Borman, J.).

"Generally, a plaintiff's choice of forum will be given substantial deference." *Audi AG*, *supra* at 749-50 (E.D. Mich. 2004) (citations omitted).  However, where the plaintiff has little or no connection to the chosen forum, its reasons for choosing and remaining there should be given less weight.  *Id*.

In this case, Plaintiff TPI has very little connection to Michigan.  However,

3

Tuna Processors v. Hawaii International Seafood
Case No. 04-74843

Plaintiff has only two apparent forum choices–Hawaii, which is 2666 miles from
Plaintiff's California headquarters, and Michigan–which is 1966 miles from
Plaintiff's California headquarters.  Nevertheless, under the circumstances, the Court
finds that Plaintiff's choice of forum is not entitled to the ordinary degree of deference
because Plaintiff maintains little connection to the Eastern District of Michigan.

In order to decide whether or not this case should be transferred to Hawaii, the
court should consider several factors: (1) the convenience of the parties; (2) the
convenience of the witnesses; (3) the relative ease of access to sources of proof; (4)
the availability of processes to compel attendance of unwilling witnesses;  (5) the cost
of obtaining willing witnesses; (6) the practical problems associated with trying the
case most expeditiously and inexpensively; and (7) the interests of justice.  *MCNIC
Oil & Gas Co. v. IBEX Resources Co*., 23 F.Supp.2d 729, 738-39 (E.D. Mich. 1998)
(Gadola, J.).  Also, "the Court may consider any factor that may make any eventual
trial easy, expeditious, and inexpensive."  *Audi AG, supra* (citations omitted).

### i.  Convenience of the Parties

This factor favors Defendant.  Defendant would have to make an
approximately 10 hour flight from Honolulu to Detroit in order to litigate here.

In order to litigate in Hawaii, Plaintiff would have to take a six hour flight from
Los Angeles to Honolulu.  Plaintiff would have to fly approximately 4 hours to
litigate in Detroit.

Defendant has demonstrated that it would be more inconvenient for it to travel
to Detroit than it would be for Plaintiff to travel to Hawaii.

4

Tuna Processors v. Hawaii International Seafood
Case No. 04-74843

### ii.  Convenience of the Witnesses

Witness convenience is one of the most important factors under § 1404. *Audi AG, supra*.  Plaintiff's key witnesses reside primarily in California and Asia. Defendant's key witnesses reside in Hawaii.  The only witnesses with any connection to Michigan would be the sales personnel from Defendant's small mainland office in Rochester, Michigan.  Therefore, this factor favors transfer.

### iii.  Relative Ease of Access to Sources of Proof

This factor weighs in favor of transfer.  Defendant argues that all of its documents concerning its operations are currently in Hawaii, and that several documents at issue in the '401 litigation are subject to a protective order there.

Plaintiff argues that this case does not involve the Kowalski '401 patent, and therefore that this factor does not favor Defendant.  However, as noted above, Plaintiff's complaint argues in part that the curing method claimed in the '401 patent infringes Plaintiff's '619 patent.  For purposes of evading transfer, Plaintiff argues that this case has nothing to do with the '401 patent.  In light of this inconsistency, the Court finds that many of the evidentiary requirements in the parallel cases would be the same.

Defendant cites *S.C. Johnson & Son, Inc. v. Gillette Co.*, 571 F.Supp. 1185 (D.C. Ill. 1983), where the court held that "maintenance of [the suit] in the district in which one of the parties resides would be preferable to maintenance of the suit in a district that would inconvenience both sides."  *Id.* at 1187-88.

In this case, as in *S.C. Johnson*, both parties would be inconvenienced by

5

Tuna Processors v. Hawaii International Seafood
Case No. 04-74843

maintaining the suit in Detroit. Both parties "would be required to transport all of their witnesses, documents, and other sources of proof to this district." *Id*. A transfer to Hawaii would diminish the inconvenience to Defendant, while imposing a minimal inconvenience on Plaintiff.

### iv.  Availability of Process to Compel Attendance of Unwilling Witnesses

This factor does not favor either side. Both this court and the Hawaii court can compel the attendance of the U.S. witnesses. However, neither court can compel the presence of any witnesses who reside in Asia.

### v.  Cost of Obtaining Willing Witnesses

The cost of obtaining willing witnesses would be greatly reduced by transferring this case to Hawaii. Any of Plaintiff's shareholders, all of whom reside in Asia, could more easily travel to Hawaii than Michigan. In addition, most of Defendant's employees and decision makers, who direct the processes alleged to infringe the '619 patent, reside in Hawaii.

### vi.  Practical Problems Associated With Trying Case Most Expeditiously and Inexpensively

Defendant argues that the costs associated with trying this case will be reduced by a transfer to Hawaii. For example, Defendant argues that any English-language interpreters for the Asian witnesses in the case can more easily be obtained in Hawaii. However, the Court cannot find any reason why adequate interpreters could not be obtained in Michigan.

In addition, Defendant stresses that the "hub" of alleged infringing activity in this

6

Tuna Processors v. Hawaii International Seafood
Case No. 04-74843

case is Hawaii.  "As a general rule, the preferred forum is that which is the center of the accused activity."  *S.C. Johnson*, *supra* at 1187-88.  In *S.C. Johnson*, the court concluded that while acts of infringement sufficient for venue to be proper had occurred in the district, "a vast majority of the activities concerning the cause of action took place" in other fora.  *Id*.  The court concluded that

> '[t]he trier of fact ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production. In this case, all development, testing, research, and production of the subject product occurred in [the other forum].  Additionally, virtually all marketing and sales decisions were made there.  By contrast, only some very limited sales activity occurred in this district.

*Id* (internal quotation omitted).

Defendant also cites another persuasive case, *SAES Getters v. Aeronex, Inc.*, 219 F.Supp.2d 1081, 1094 (S.D. Cal. 2002), where the court held:

> [I]t will be important for the consistent interpretation of these two similar patents to have one court, rather than two, interpret them.  Having a single court conduct the *Markman* hearings for both patents will ensure that the court is familiar with all the potential overlap (if any) in the claims made by the two patents.  Furthermore, if the issues related to both patents are presented to one court, the parties can raise any issues of invalidity stemming from the relationship between the two patents before a court which will be well versed in the technology presented by both patents. Thus, by bringing both patent claims before one court, the possibility of inconsistent judgments should be substantially minimized, if not removed...The Court believes that retaining jurisdiction over the counterclaims so that both "dueling" patents can be adjudicated together is precisely the sort of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of the

7

Tuna Processors v. Hawaii International Seafood
Case No. 04-74843

litigation' that supports proceeding in this venue.

*SAES Getters*, 219 F.Supp.2d at 1094.

Like *SAES Getters*, this case involves dueling patents with at least some potential for overlap between the claims. The Hawaii court is already in the process of considering and construing Defendant's '401 patent. Therefore, it would be more expeditious to transfer this case to Hawaii, where the construction of the '619 patent can be conducted consistent with the '401 patent.

Plaintiff correctly notes that the '401 litigation underway in Hawaii is pending before more than one District Judge. However, at the very least, transferring this action to the U.S. District Court in Hawaii would allow a judge in that Court to determine whether it should be consolidated with any related actions there.

On the whole, this factor weighs in favor of trying these related actions together, even if they are not identical.

### vii.  Interests of Justice

The interests of justice factor also favors transfer. Defendant cites *Reiffin v. Microsoft Corp.*, 104 F.Supp.2d 48, 55-56 (D.D.C. 2000), where the court held that "[t]he interests of justice are better served when a case is transferred to the district where related actions are pending." 104 F.Supp. at 55 (citation omitted).

In this case, Plaintiff argues that it is not a party to the Hawaii action. However, this does not affect the desirability of a transfer because the ultimate inquiry is based on "practical considerations which will facilitate a final resolution of the litigation in an

8

Tuna Processors v. Hawaii International Seafood
Case No. 04-74843

expeditious and inexpensive manner." *Id*.

## IV.  CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's motion to transfer is GRANTED.

IT IS FURTHER ORDERED that this case shall be transferred to the United States District Court for the District of Hawaii.

IT IS SO ORDERED.


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  July 27, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 27, 2005, by electronic and/or ordinary mail.

s/Theresa E. Taylor
Case Manager